UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSE ORAM, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:14-cv-1305-JMS-DKL |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jesse Oram for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 14-05-0038. For the reasons explained in this Entry, Oram's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 2, 2014, Officer Peterson wrote a Report of Conduct in case ISR 14- 05-0038 charging Oram with attempted trafficking. The Report of Conduct states:

> On May 2, 2014 at approximately 3:00 P.M. I – (Mr. W. C. Peterson) Internal Affairs Investigator IV/ Correctional Police Officer reviewed a letter written by Offender Oram, Jesse #129165. The letter was addressed to a person identified as Joyce Evans with a mailing address of 709 South Western Avenue Marion Indiana 46952. In the letter Offender Oram wrote the following statements. "So therefore if you will do like I ask you to about the $150.00 dollar Green Dot instead of doing the $100.00 dollar Jpay. I would appreciate it very much. Not only that, it will last a lot longer. And if you will do it like I ask you. Don't worry about sending any money to my books for at least another 2 months. Be on the look out for my dude calling you on the 3rd to get them numbers. Okay mom." In another part of the letter Offender Oram writes the following statements "Be looking out for my buddy's phone call. He has been calling almost none stop and still hasn't talked to anyone. He has been calling to get ahold of you. So please pick up for him." At the very end of the letter Offender Oram writes "Please do that $150.00 when you get your check on the 3rd. And also be looking out for my Buddy's phone call."

On May 8, 2014, Oram was notified of the charge of attempted trafficking and served with the Report of Conduct and the Notice of Disciplinary Hearing ("Screening Report"). Oram was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in ISR 14-05-0038 on May 12, 2014, and found Oram guilty of the charge of attempted trafficking. In making this determination, the hearing officer considered the offender's statements, staff reports, and a copy of the letter that Oram sent. The hearing officer recommended and approved the following sanctions: a written reprimand, six months disciplinary segregation, a 39 day deprivation of earned credit time, and a demotion from credit class II to credit class III.

Oram appealed to the Facility Head and the Appeal Review Officer without success. This petition for writ of habeas corpus followed.

### C. Analysis

The only claim Oram develops in his petition is that there is no evidence to support the conviction because, he argues, there is nothing wrong with what he did. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A report of conduct alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *Id.*

The Department of Correction ("DOC") defines the offense of attempted trafficking by referencing the Indiana statute which defines criminal trafficking with an inmate. *See* Ind. Code § 35-44.1-3-5. Attempted trafficking is participating in an attempt to deliver or carry something into a prison without prior authorization from the facility. *See* I.C. § 35-44.1-3-5(b). DOC does not permit inmates to possess money or participate in monetary systems outside of those established and maintained by DOC. Oram was not permitted to possess Green Dot cards or numbers.

A rational adjudicator could readily conclude from the content of the letter that Oram was attempting to traffic Green Dot card numbers into the prison for unauthorized possession or use. Oram admits in his petition that he was trying to get a Green Dot for someone he knows that is incarcerated. Dkt. 1 at p. 3. This action was not, as Oram suggests, permitted by the Department of Correction. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

**Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Oram to the relief he seeks. Accordingly, Oram's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: September 25, 2015

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JESSE ORAM
129165
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel